IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**LISA M. CLANTON,**
        **Plaintiff,**

v.                                    Civil Action No. 2:14cv649

**CITY OF VIRGINIA BEACH,**
        **Defendant.**

## CITY OF VIRGINIA BEACH'S ANSWER

NOW COMES Defendant, City of Virginia Beach, by counsel, for its Answer to the Complaint filed by the Plaintiff, and states as follows by correspondingly numbered paragraphs:

1. The City admits only that Rudy Diaz was employed by the City from 2009 to 2012 in the Public Works Department. All other allegations in Paragraph 1 of the Complaint are denied.

2. The allegations in Paragraph 2 of the Complaint are denied.

3. The City admits only that Lisa Clanton worked for the City as a custodian. All other allegations in Paragraph 3 of the Complaint are denied.

4. The allegations in Paragraph 4 of the Complaint are denied.

5. The City admits the allegations in Paragraph 5 of the Complaint.

6. The City admits the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9. The City admits only that Clanton filed a complaint with the EEOC and the EEOC issued a notice of right to sue. All other allegations in Paragraph 9 of the Complaint are denied.

10. The City admits only that Rudy Diaz worked for the City of Virginia Beach Department of Public Works as a custodian. All other allegations in Paragraph 10 of the Complaint are denied.

11. The allegations in Paragraph 11 of the Complaint are denied.

12. The City admits only that Lisa Clanton worked as a custodian in the Building Maintenance Division and that she was assigned to work at the Farmer's Market in March 2012. All other allegations in Paragraph 12 of the Complaint are denied.

13. The City is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. The City is without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. The City is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. The City is without sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. The City is without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. The City admits only that Clanton reported Diaz's conduct to Kenneth Miller, a Lieutenant in the Virginia Beach Police Department. The City is without sufficient information

to admit or deny all other allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. The City admits only that Clanton spoke with Goldsmith about Diaz. All other allegations in Paragraph 19 of the Complaint are denied.

20. The allegations in Paragraph 20 of the Complaint are denied.

21. The City admits only that Clanton was reassigned to the Farmer's Market in March 2012. The City is without sufficient information to admit or deny all other allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. The City is without sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. The City is without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. The City is without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25. The City admits only that Clanton spoke with Clanton regarding Diaz. The City is without sufficient information to admit or deny all other allegations in Paragraph 25 of the Complaint and therefore denies the same.

26. The City is without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies the same.

27. The City admits the allegations in Paragraph 27 of the Complaint.

28. The City denies the allegations in Paragraph 28 of the Complaint.

29. The City admits only that the City terminated Diaz's employment. All other allegations in Paragraph 29 of the Complaint are denied.

30. The City incorporates by reference its responses to Paragraphs 1-30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent that Paragraph 31 of the Complaint requires a response all allegations set forth in Paragraph 31 are denied.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent that Paragraph 32 of the Complaint requires a response all allegations set forth in Paragraph 32 are denied.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent that Paragraph 33 of the Complaint requires a response all allegations set forth in Paragraph 33 are denied.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required. To the extent that Paragraph 34 of the Complaint requires a response all allegations set forth in Paragraph 34 are denied.

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is required. To the extent that Paragraph 35 of the Complaint requires a response all allegations set forth in Paragraph 35 are denied.

36. All allegations contained in un-numbered paragraphs or headers are denied.

37. All allegations not specifically admitted herein are denied.

38. The City denies that the Complaint states any claim against them for which relief may be granted as a matter of law.

39. The City affirmatively asserts that the Plaintiff has failed to exhaust her administrative remedies.

40. The City affirmatively asserts that it is not indebted to or liable to the Plaintiff in any amount whatsoever or for any reason under any legal theory whatsoever.

41. The City affirmatively asserts that the Plaintiff's claims are or may be barred by the applicable statute of limitations.

42. The City affirmatively asserts that the Plaintiff has failed to mitigate her damages.

43. The City affirmatively asserts that the Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

44. The City affirmatively asserts that no tangible, adverse employment action was taken against the Plaintiff.

45. The City affirmatively asserts that it exercised reasonable care to prevent and promptly correct harassing behavior in the workplace, and the Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities presented by the City.

WHEREFORE, the City respectfully request that the Complaint be dismissed with prejudice.

                                                CITY OF VIRGINIA BEACH,

                                                By: _____/s_____

                                                         Of Counsel

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Michael A. Beverly (VSB No. 70805)
Associate City Attorney
Dannielle Hall-McIvor (VSB No. 74098)
Assistant City Attorney
Attorneys for Defendants
Office of the City Attorney
Municipal Center, Building One
2401 Courthouse Drive

Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
mbeverly@vbgov.com
dcmcivor@vbgov.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/EFC system, which will then send a notification of such filing (NEF) to the following:

>Reid H. Ervin
>Joshua L. Jewett
>Reid H. Ervin & Associates, P.C.
>2400 Dominion Tower
>999 Waterside Drive
>Norfolk, Virginia 23510

_____/s_____
Michael A. Beverly

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Michael A. Beverly (VSB No. 70805)
Associate City Attorney
Dannielle Hall-McIvor (VSB No. 74098)
Assistant City Attorney
Attorneys for Defendants
Office of the City Attorney
Municipal Center, Building One
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
mbeverly@vbgov.com
dcmcivor@vbgov.com